# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1817V
UNPUBLISHED

| | |
|---|---|
| DEBRA FALK,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 16, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.

*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

  On November 27, 2018, Debra Falk filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barré syndrome as a result of an influenza ("flu") vaccination that she received on November 2, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On June 16, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 15, 2020, Respondent filed a combined Rule 4 report/proffer on award of compensation ("Rule 4/Proffer") indicating Petitioner should be awarded $136,305.67 (comprised of $107,500.00 for actual pain and suffering and $28,805.67 for past unreimbursable expenses). Rule 4/Proffer at 3. In the Rule

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

4/Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Rule 4/Proffer, **I award Petitioner a lump sum payment of $136,305.67 (comprised of $107,500.00 in actual pain and suffering and $28,805.67 in past unreimbursable expenses) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/**Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.